UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN DEUTCH,

        Plaintiff,

v.                                    CASE No.  8:10-CV-2480-T-TGW

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

ORDER

        The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

        The plaintiff, who was thirty-six years old at the time of the most recent administrative hearing and who has a high school education with special classes for the hearing impaired, has worked as a dish washer, fast

_____

       [1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 17).

food cook, and cook's helper (Tr. 38, 54, 58).[2] He filed a claim for Social Security disability benefits, alleging that he became disabled due to a hearing problem and a learning disability (Tr. 155).[3] The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge determined that the plaintiff has been working for more than two years as a school cafeteria assistant but that his income from that thirty-hour per week job did not rise to the level of substantial gainful activity (Tr. 13). The law judge next found that the plaintiff had a combination of severe impairments consisting of "learning disabilities, moderate to severe hearing impairment and borderline intellectual functioning" (id.). She concluded that the plaintiff had the residual functional capacity to perform work at all exertional levels. However, the law judge ruled that the plaintiff had limited speech and hearing due to hearing loss, was limited to performing only simple repetitive tasks,

---

[2]The plaintiff indicated on the disability report that he has one year of college (Tr. 159). While the plaintiff did not attend college, he did complete a vocational independence program (id.).

[3]The only application that appears in the record was for supplemental security income (Tr. 133). However, the application has been treated throughout as one for disability insurance benefits.

and was limited to interacting no more than occasionally with third parties. The law judge found that these restrictions did not prevent the plaintiff from returning to past work as a dish washer and cook's helper (Tr. 20). Also, based upon the testimony of a vocational expert, the law judge ruled, in the alternative, that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as hand packager, industrial cleaner, and store laborer (Tr. 21-22). Consequently, the plaintiff was found not disabled (Tr. 22). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

-4-

substantial evidence.   Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.   Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims.  See 20 C.F.R. 404.1520. The initial question is whether the plaintiff is engaged in substantial gainful activity because, if so, the plaintiff will be found not disabled.  20 C.F.R. 404.1520(b).  If not, the next inquiry (step two) is whether a claimant has a severe impairment.  20 C.F.R. 404.1520(c).  An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities.   20 C.F.R. 404.1521(a).   If there is not a severe

impairment, then a claimant is deemed to be not disabled.   20 C.F.R. 404.1520(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f).   If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy.   20 C.F.R. 404.1520(g).   In such cases, the regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled.

### III.

The plaintiff asserts three challenges to the law judge's decision. None of these contentions demonstrates reversible error.

The plaintiff's first contention is that the law judge erred in finding that the plaintiff could perform his past relevant work as a dish washer and a cook's helper.   The plaintiff has the burden at step four of the sequential analysis to show that he cannot return to prior work.   Doughty v.

Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). An ability to return to work exists either if the plaintiff can do the job as he actually performed it, or if he can perform the job as it is done in the national economy. See Jones v. Apfel, 190 F.3d 1224 (11th Cir. 1999); Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986). In this case, the law judge concluded that the plaintiff could perform the past jobs of dish washer and cook's helper as he actually performed them (Tr. 21).

The plaintiff contends that this finding is contrary to the vocational expert's testimony. When the vocational expert was asked if the hypothetical individual could perform the jobs of dish washer and cook's helper if he were limited to "no more than occasional with third parties," the vocational expert concluded that the prior jobs would be eliminated because "you're around people in those jobs" (Tr. 59).

While this testimony may have rendered problematic the finding that the plaintiff could return to work as a dish washer, there is clearly substantial evidence in the record that the plaintiff could work as a cook's helper as he actually performed it. In fact, he had been working at that job for more than two years at the time of the law judge's decision. The law

judge could reasonably think that the vocational expert's testimony related to how the job of cook's helper is performed in the national economy. The law judge knew, however, from the plaintiff's own testimony, that the plaintiff could actually perform the job of cook's helper.

It is recognized that, at step one of the sequential analysis, the law judge found that the plaintiff's work as a cook's helper did not amount to substantial gainful activity, seemingly because the monthly wages did not reach the minimum amounts specified by the regulations See 20 C.F.R. 404.1574(b). The plaintiff, however, does not make any argument that, in that circumstance, the job cannot be considered prior work at step four. Such an argument would need to address the provisions in the regulations that "work may be substantial even if it is done on a part-time basis," 20 C.F.R. 404.1572(a), and that "the fact that [the claimant's] earnings were not substantial will not necessarily show that [the claimant is] not able to do substantial gainful activity." 20 C.F.R. 404.1574(a)(1). Importantly, the scheduling Order requires the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged," and to support those challenges "by citations to the record of the

pertinent facts and by citations of the governing legal standards" (Doc. 15,

p. 2). The plaintiff has not complied with those requirements with respect to

a contention that the job of cook's helper cannot constitute past work at step

four. Consequently, any such contention is waived.

In any event, even if the law judge erred in finding at step four

that the plaintiff could perform past (and current) work as a cook's helper,

that error would be harmless. In this case, the law judge did not stop at step

four of the sequential analysis regarding past work, but proceeded to the fifth

step in the analysis and determined that there is other work that the plaintiff

could perform in the national economy. Thus, the law judge alternatively

found, based on the testimony of the vocational expert, that an individual

with the plaintiff's residual functional capacity could perform the jobs of

hand packager, industrial cleaner, and store laborer (Tr. 21-22). In light of

this finding, the law judge did not err in concluding that the plaintiff was not

disabled.

The plaintiff challenges this alternative finding based on the

alleged failure to include in the plaintiff's residual functional capacity all of

his impairments. Thus, as his second contention, the plaintiff argues that the

law judge should have included in the residual functional capacity the limitation of maintaining concentration, persistence, or pace for thirty minutes at a time, followed by going off task for five to ten minutes (Doc. 20, p. 12). He couples that with the related assertion that such a limitation should have been included in the determinative hypothetical question to the vocational expert.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). On the other hand, the law judge is not required to include in the hypothetical question allegations that have been properly rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

The residual functional capacity found by the law judge clearly matches the pertinent hypothetical question posed to the vocational expert (Tr. 15, 58). Consequently, the hypothetical question is not flawed.

At the hearing, the law judge added to the operative hypothetical question "that the individual could maintain concentration, persistence and

pace for 30 minutes at a time" and then "[g]oes off task for five to ten minutes" (Tr. 60). The vocational expert responded that no jobs in the national economy would accommodate such a limitation (id.). The law judge specifically discounted that line of questioning (Tr. 22):

> During the hearing the vocational expert was asked some additional hypothetical questions. However, the totality of the evidence does not support the functional limitations underlying these hypothetical questions. While a hypothetical question to a vocational expert must reflect all of the claimant's limitations which are established by the record, it is appropriate for an administrative law judge to disregard answers to hypothetical questions which are inconsistent with the evidence.

Notably, the law judge found that the plaintiff has moderate difficulties in concentration, persistence, or pace (Tr. 14). Consequently, he included in the hypothetical question a limitation to performing only simple, repetitive tasks (Tr. 15). The plaintiff has failed to establish that he is more limited than that.

It is not enough for the plaintiff to assert that a greater limitation in concentration is supported by the record evidence and lay witness testimony (Doc. 20, p. 12). Rather, as indicated, the plaintiff must demonstrate that the evidence compels a greater limitation in concentration

than found by the law judge. Adefemi v. Ashcroft, supra. Moreover, it is not even accurate to say, as the plaintiff does, that there is ample support in the record for a greater limitation (Doc. 20, p. 12).

The plaintiff has not received any treatment from a psychiatrist or psychologist. Consequently, there is no opinion from an acceptable medical source of a mental functional limitation. Furthermore, the plaintiff did not even testify that he had problems with concentration.

The plaintiff instead relies on his father's testimony as the basis for finding that he has serious lapses in concentration. Thus, the plaintiff's father testified that he does not allow the plaintiff to drive more than twenty to thirty minutes at a time. The law judge in her decision discussed the father's testimony (Tr. 16-17) and explained why she did not include more severe concentration limitations in her determination of the plaintiff's residual functional capacity (Tr. 22):

> The fact of the matter herein, is that Claimant is, and has been performing his job as a cook's helper since 2008. Speculation about how much longer he may be able to maintain that, or another job, is not relevant to the evaluation that must be conducted. The other facts of this case to wit: claimant has participated in Special Olympics for 20 years with no testimony of any altercations

-12-

occurring; claimant has volunteered at the local hospital for over two years without any evidence of problems; claimant swims and plays golf weekly without any evidence of problems getting to and from these events without getting lost, or an inability to get along with others. Furthermore, Claimant's father testified that Claimant's problems worsened when his mother passed away. It is certainly reasonable for Claimant to suffer grief in light of her passing. However, the majority of the evidence supports that Claimant is capable of caring for his basic needs and performing basic and routine daily activities: he has maintained a job; he has continued volunteering at the hospital, swimming and playing golf. There is no credible evidence that Claimant has been unable to concentrate and/or complete these tasks. The issues involving arguments and altercations between Claimant and his father, similarly are understandable. In spite of the limitations Claimant does have, it is natural for Mr. Deutch to continually direct Claimant how and when to do tasks so that he can be assured that Claimant will be self sufficient and independent. On the other hand, Claimant is an adult and wants to handle his own affairs.

This explanation, among other things, provides a solid basis for discounting the father's testimony regarding concentration, which was the only evidence the plaintiff referred to in support of a functional limitation in concentration.

In a related final contention, the plaintiff asserts that the medical evidence of record does not support the law judge's residual functional capacity determination. As indicated, there are no functional limitations opined by a treating psychiatrist or psychologist.

While there was a report from an examining psychologist, Dr. Steven K. Abraham, that report does not support the plaintiff's contention that the plaintiff had greater functional limitations than found by the law judge (Tr. 237-40). The law judge considered Dr. Abraham's report and noted that Dr. Abraham had stated, among other things, that the plaintiff's "concentration and attention seemed fair" (Tr. 18). Significantly, the plaintiff seems to discount Dr. Abraham's report because the plaintiff presented Dr. Abraham "with a rather rosy picture of his life" (Doc. 20, p. 15 n.3).

Accordingly, the plaintiff is left with the argument that the law judge did not specifically dismiss the limitations set out by licensed mental health counselors Rick Zalanka and Karen Cardman in the determination of the plaintiff's residual functional capacity. The plaintiff asserts that Zalanka "opined that [the plaintiff] could not learn to control his emotions and behavior due to his low cognitive abilities" (Doc. 20, p. 15). He also

-14-

contends that Cardman "noted [the plaintiff] could not live independently and could not earn a living" (id.). The law judge appropriately considered the information from these individuals (Tr. 18, 19). They, however, are not recognized as acceptable medical sources, and the law judge therefore could discount their comments. See 20 C.F.R. 404.1513(a)(2). Moreover, to the extent they opined that the plaintiff was disabled, those opinions could be disregarded because that is an issue reserved to the Commissioner. 20 C.F.R. 404.1527(e). Consequently, their information does not compel the conclusion that the plaintiff's residual functional capacity was less than that found by the law judge.

In sum, the law judge reasonably explained how the evidence of record supports the residual functional capacity in this case. The plaintiff has not shown that the evidence compels a contrary conclusion. Adefemi v. Ashcroft, supra, 386 F.3d at 1027. Consequently, the law judge's alternative finding at step five that the plaintiff could perform certain jobs in the national economy is supported by substantial evidence. Furthermore, the plaintiff's sole challenge to the finding at step four that the plaintiff can continue to work as a cook's helper is unpersuasive.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED.

The Clerk shall enter judgment accordingly and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this _18th_ day of

November, 2011.

_____

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE